FILED
SUPERIOR COURT
OF GUAM

2024 FEB 20 PM 1:53

CLERK OF COURT
BY: ___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JACQUELINE MARIE CEPEDA TUNCAP,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA REY PEREDA,<br><br>Defendant. | CIVIL CASE NO. CV0497-22<br><br>**DECISION AND ORDER RE PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION** |

Before the Court is Plaintiff Jacqueline Tuncap's Motion for Partial Summary Judgment on the issues of the genuineness and validity of the deed executed by Defendant Joshua Pereda. The Court finds the deed to be genuine, but based on issues surrounding the deed's execution, the Court finds there to be a genuine dispute of material fact as to its validity.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

**Procedural Background**

Tuncap's Amended Verified Complaint requests a judgment enforcing her joint ownership in lot number 5236-NEW-2-2 ("the Property") in Dededo. Am. V. Compl. (Mar. 13, 2023). Pereda's Answer, which was unverified, denied Tuncap's allegations and alleged the affirmative defense of undue influence. Answer (July 10, 2023).

Tuncap now seeks summary judgment on the issues of the validity and genuineness of the deed. Mot. Partial Summ. J. (Nov. 6, 2023). Pereda opposes the Motion and claims that there remain issues of fact as to whether the deed is valid. More specifically, he alleges that Tuncap unduly influenced his execution of the deed by threatening to sever his relationship with his children. Opp'n Mot. Partial Summ. J. (Dec. 20, 2023).



**Undisputed Facts**

The Court finds the following facts to be undisputed based on the pleadings, declarations, and record before it:

1. The parties were previously in a romantic relationship and lived together with their two minor children. Am. V. Compl. ¶ 4; Answer ¶ 3; Decl. Joshua Pereda ¶¶ 3, 4 (Dec. 20, 2023).

2. Pereda inherited the Property from his grandfather. Am. V. Compl. ¶ 6; Answer ¶ 3; Decl. Pereda ¶ 3.

3. In 2007, the parties applied for and obtained a mortgage to build a home on the Property. Am. V. Compl. ¶¶ 5, 7; Answer ¶ 1; Decl. Pereda ¶ 3.

4. Both parties made payments towards the mortgage. Am. V. Compl. ¶ 8; Decl. Pereda ¶ 7.

5. In 2010, Pereda executed a Deed of Gift for the Property, granting it to himself and Tuncap. Am. V. Compl. ¶ 9, Ex. A; Answer ¶ 3; Decl. Pereda ¶ 5.

## II.    <u>LAW & DISCUSSION</u>

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials. GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.



To determine the validity of a deed, the Court must first determine its genuineness. Section 15601 of Title 7 of the Guam Code Annotated directs that a document be deemed genuine unless a verified answer disputes genuineness. Under this provision, genuineness is undisputed here because Pereda has failed to verify his answer. Moreover, there is no dispute that Pereda executed the deed.

However, while the deed is genuine, it can still be rendered invalid if created with undue influence. As explained in *Sunset Milling & Grain Co. v. Anderson*, 249 P.2d 24, 26 (Cal. 1952) (en banc), the California Supreme Court said that despite the admission of the genuineness and due execution of an instrument, the instrument may still be controverted by evidence of fraud, undue influence, and like defenses. *See also Miller v. McLaglen*, 186 P.2d 48, 51 (Cal. App. 1947).

Pereda has pled the affirmative defense of undue influence. Undue influence can be shown by circumstances such as taking an unfair advantage of another's weakness of mind or taking a grossly oppressive and unfair advantage of another's necessities or distress. 18 GCA § 85311; *see also Hannah v. Guerrero*, 2020 Guam 15 ¶ 18 (consider all circumstances which show the preclusion of the exercise of free and deliberate judgment). Pereda's Declaration introduces genuine issues of material fact on whether Tuncap unduly influenced him. In particular, he alleges that Tuncap aggressively demanded that he sign over the property for him to stay in his daughter's life. Decl. Pereda ¶ 5. The Court finds this allegation sufficient to raise an issue of fact.[1]

---

[1] In his Reply, Pereda raises the issue of the shifting burden of proof required in undue influence cases. There was not enough briefing on this issue for the Court to determine and apply the burden. The Court defers establishing the applicable burden of proof and shifting thereof until the trial.

ORIGINAL

## III.    <u>CONCLUSION & ORDER</u>

The Court GRANTS Tuncap's Motion for Summary Judgment as to the genuineness of the deed but DENIES summary judgment as to its validity based on the genuine issues of material fact surrounding the circumstances of the deed's execution.

**SO ORDERED, 20 February 2024.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
William B. Pole, Esq., for Plaintiff, Jacqueline Marie Cepeda Tuncap
Rachel Taimanao-Ayuyu, Esq., Law Office of Rachel Taimanao-Ayuyu, for Defendant, Joshua
    Rey Pereda

ORIGINAL